IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CALVIN AMOS                                                                                           PLAINTIFF
ADC #113174

V.                                        NO: 5:13CV00058 SWW/HDY

RAY HOBBS *et al.*                                                                            DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Calvin Amos, an inmate who is currently incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on February 22, 2013. On December 9, 2013, Defendants filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #41-#43). Plaintiff filed responses on January 10, 2014 (docket entries #51-#53), and he was granted leave to supplement the record on February 5, 2014 (docket entries #54 & #56). Defendants replied to Plaintiff's motions and supplement on February 3, 2014 (docket entry #55).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Plaintiff asserts that he is a violent sexual predator, and that Defendants have failed to provide him adequate rehabilitation. According to Plaintiff, he is incarcerated for "male rape," and has "an extremely high sex nature for males" (docket entry #53, page #4). Plaintiff contends that his being around other men places the other men at risk. Although Plaintiff concedes that he has participated in rehabilitation programs, he asserts they have been ineffective in curbing his appetite for sexual violence. Plaintiff seeks damages, his removal from the ADC's general population, and unspecified specialized treatment, therapy, or counseling, to ensure he can overcome his tendencies.

Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, because they are entitled to sovereign and qualified immunity, and because Plaintiff's lack of any physical injury precludes recovery. Because Defendants are entitled to qualified immunity, Plaintiff's complaint should be dismissed.

<u>Exhaustion</u>

The Court must first consider Defendants' argument that Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit. The Prison Litigation Reform Act ("PLRA")

"requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However, lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). Here, Plaintiff asserts that he was prevented from properly exhausting (docket entry #4). Accordingly, material facts are in dispute as to whether the administrative remedy was available, and Defendants therefore are not entitled to summary judgment based on Plaintiff's failure to exhaust. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)).

Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818(1982). Qualified immunity protects officials whether the mistake is one of law, or fact, or a mixed question of each. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)(internal citations omitted). To determine if a clearly established right was violated, the Court must first determine the precise claim Plaintiff is advancing. Essentially, Plaintiff is alleging that he was denied adequate mental health care because the care he received did not resolve his problems.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S.

97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Here, there is no dispute that Plaintiff was provided mental health care. Indeed, Plaintiff himself has provided documentation that he completed the requirements for the Reduction of Sexual Victimization Program, as well as many other rehabilitation and educational programs (docket entry #54). There is no statement from a physician or mental heal provider identifying a specific program that Plaintiff should have to adequately meet his needs. Plaintiff himself has not identified any specific program that might be helpful, but offers only his own speculation that there may be some other program or treatment that might be of greater benefit. *See Dulany v. Carnahan*, 132 F.3d at 1240 (in the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). Based on the undisputed facts in the record, it is clear that no Defendant was deliberately indifferent to Plaintiff's mental health needs. Because there was no violation of a constitutional right, and certainly not any violation of

5

a clearly established constitutional right, Defendants are entitled to qualified immunity.

Although qualified immunity protects Defendants from liability for damages, it does not apply to Plaintiff's request for equitable relief. *Grantham v. Trickey*, 21 F.3d 289, 295 (8th Cir. 1994). However, because, as discussed above, there was no constitutional violation, Plaintiff is not entitled to equitable relief either. Accordingly, Defendants' motion for summary judgment should be granted, and Plaintiff's complaint should be dismissed. *See Cox v. Sugg*, 484 F.3d 1062, 1068 (8th Cir. 2007) (determination that no right was violated for purposes of qualified immunity analysis necessarily resolved merits of claim for equitable relief).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #41) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   13   day of February, 2014.

                                                  UNITED STATES MAGISTRATE JUDGE